IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VALEISHA WALKER, | |
| Plaintiff, | 4:23CV3234 |
| vs. | |
| ANGELA FOLTS, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court on two motions filed by Plaintiff. The first is a motion seeking an extension of time to pay the initial partial filing fee and reconsideration of the assessed amount. Filing No. 8. The second is a motion seeking appointment of counsel. Filing No. 9. For the reasons set forth below the motion for extension and reconsideration shall be granted in part and denied in part, and the motion for appointment of counsel shall be denied without prejudice as premature.

## I. The Motion for Extension and Reconsideration

On December 15, 2023, the Court entered an order, Filing No. 7, which granted Plaintiff's Motion for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 2, and directed her to pay an initial partial filing fee of $18.05 within 30 days, based upon average monthly deposits in the amount of $90.27. On January 10, 2024, Plaintiff filed the present motion seeking an extension of time to pay the partial initial filing fee and reconsideration of the assessed initial partial filing fee amount of $18.05. Filing No. 8.

As an initial matter, Plaintiff seeks additional time to submit her initial partial filing fee based on a reduction in her income. Filing No. 8 at 1. "[T]he Court routinely allows plaintiffs additional time to pay an initial filing fee." *Taylor v. Neb.*, No. 8:22CV349, 2022 WL 17404922, at *1 (D. Neb. Dec. 2, 2022) (citing *Castonguay v. Douglas Cnty. Correction Ctr.*, No. 8:09CV225, 2009 WL 2840533, at *2 (D. Neb. Sept. 2, 2009); *Alowonle v. Dep't of Corr. - MCF/WRML*, No. CIV. 09-1898 ADM/AJB, 2010 WL 428556, at *1 (D. Minn. Feb. 2, 2010)). To ensure Plaintiff can submit her initial partial filing fee and proceed with her case, an extension shall be granted.

In the remainder of her motion, Plaintiff seeks a recalculation and reduction of the initial partial filing fee of $18,05, representing that her gross monthly pay was $90.27 when she was "here before," but her pay, now that she is "back," is only $27.00 every month due to a change in jobs. Filing No. 8 at 1. The Court notes that while Plaintiff requests recalculation of the filing fee she does not provide any documentation or other support of her claims that her income has been reduced.[1]

Under the Prison Litigation Reform Act ("PLRA"), an indigent inmate who files a lawsuit in federal court must pay the $350.00 filing fee, first by making an initial partial payment and then by sending the remainder of the fee to the court in installments. The method for collecting the filing fee from a prisoner is specifically provided for in 28 U.S.C. § 1915(b). Section 1915(b) is written in mandatory terms ("the prisoner shall be required to pay"), leaving no discretion to the district court to waive an in forma pauperis prisoner's

---

[1] It is unclear from the trust account statement provided to this Court (which covered only two months of account balance information for October and November of 2023), from which the initial partial filing fee calculation was made, when Plaintiff left the institution and then returned or when her pay allegedly changed. *See* Filing No. 6 at 2–3 (in October 2023 it appears Plaintiff earned $130.54 in pay, and Plaintiff received $50.00 from an individual in November 2023).

2

filing fee.  It is also well-established in this circuit that "the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).  "The purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time." *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998).

Although the Court cannot waive the $350.00 filing fee, the PLRA provides that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." 28 U.S.C. § 1915(b)(4).  Given Plaintiff's representations about her income, the Court will permit this matter to proceed to initial review without full payment of the initial partial filing fee of $18.05.  However, the Court will direct Plaintiff to pay from her inmate account any portion of the initial partial filing fee available and transmit it to the Clerk of the Court by **March 15, 2024**.  *See Hatchet v. Nettles*, 201 F.3d 651, 653 (5th Cir. 2000) (providing for payment of any portion of initial partial filing fee where prisoner's trust account does not contain the full amount assessed).  Once any available portion of the initial partial filing fee is paid, this matter shall proceed as if the entire initial partial filing fee had been paid.  *See id*.  Thereafter, Plaintiff's institution shall continue to withdraw from Plaintiff's account all funds deposited into the account as they become available and transmit the funds to the clerk of the district court until the entire $18.05 initial partial filing fee is paid.[2]  *See id*.  "Even if the account

---

[2] By filing her Complaint and IFP motion in this Court, Plaintiff has consented to the assessment of fees and withdrawal of funds from her account by prison officials to pay those fees.  NECivR 3.3(b)(1) ("An application to proceed in forma pauperis is consent for the institution . . . to pay any filing fee required by 28 U.S.C. § 1915(b).").  *See also McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *disapproved*

balance is under ten dollars, the custodial institution must still forward payments to the district court to pay the initial partial filing fee as the ten-dollar rule of § 1915(b)(2) is applicable only after the initial partial filing fee is paid." *Id.*

After payment in full of the initial partial filing fee, Plaintiff's institution must collect the remaining installments of the filing fee and forward the payments to the Court as provided in 28 U.S.C. § 1915(b)(2) (i.e. monthly payments of 20 percent of the preceding month's income credited to Plaintiff's inmate account each time the amount in that account exceeds $10.00).

## II. The Motion to Appoint Counsel

Plaintiff seeks appointment of counsel, arguing that appointment is appropriate as she has been unable to secure private counsel due to her inability to pay, she has limited ability to litigate this matter, the issues in this case are complex, and she lacks legal training. Filing No. 9. "There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence

---

*of on other grounds by* Newlin v. Helman, 123 F.3d 429 (7th Cir. 1997) ("As the Prison Litigation Act makes prisoners responsible for their filing fees the moment the civil action or appeal is filed, *see In re Tyler*, 110 F.3d at 529–30, we conclude that by filing the complaint or notice of appeal, the prisoner waives any objection to the fee assessment by the district court. Furthermore, the prisoner waives any objection to the withdrawal of funds from the trust account by prison officials to pay the prisoner's court fees and costs. A prisoner has a duty to cooperate during the litigation.").

or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)).

The Court has carefully reviewed the record and finds there is no need for the appointment of counsel at this time. As such, Plaintiff's motion for appointment of counsel shall be denied without prejudice to reassertion. The Court will, however, "continue to be alert to the possibility that, because of procedural complexities or other reasons, later developments in the case may show either that counsel should be appointed, or that strict procedural requirements should, in fairness, be relaxed to some degree." *Williams v. Carter*, 10 F.3d 563, 567 (8th Cir. 1993).

IT IS THEREFORE ORDERED that:

1. Plaintiff's motion seeking an extension of time to pay the partial initial filing fee and reconsideration of the assessed amount shall be granted in part and denied in part as follows:

    a. Plaintiff's motion is granted to the extent she seeks additional time to pay the $18.05 initial partial filing fee. Plaintiff has through and until **March 15, 2024,** to pay any portion of her initial partial filing fee as set forth below.

    b. This matter will proceed to initial review without full payment of the initial partial filing fee.

    c. To the extent Plaintiff's motion seeks recalculation of her initial partial filing fee, the motion is denied. Plaintiff shall still be required to pay the initial partial filing fee as funds exist. Plaintiff, however, shall have until **March 15, 2024**, to pay any portion of the initial partial filing fee

    available and transmit it to the Clerk of the Court. Thereafter, Plaintiff's institution shall continue to withdraw from Plaintiff's account all available funds deposited into the account and transmit the funds to the Clerk of the Court until the entire $18.05 initial partial filing fee is paid.

  d. After payment of the initial partial filing fee of $18.05, Plaintiff's institution shall collect monthly payments from Plaintiff's account in the manner set forth in 28 U.S.C. § 1915(b)(2) and forward those payments to the Clerk of the Court.

 2. The Clerk's office is directed to send a copy of this order to the appropriate official at Plaintiff's institution.

 3. The Clerk's office is directed to set a pro se case management deadline in this case using the following text: **March 15, 2024**: initial partial filing fee, or any portion thereof, due.

 4. Plaintiff's motion to appoint counsel, Filing No. 9, is denied without prejudice to reassertion.

 5. Plaintiff is advised that, following payment of any portion of her initial partial filing fee, the next step in Plaintiff's case will be for the Court to conduct an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A. The Court will conduct this initial review in its normal course of business.

Dated this 14th day of February 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Court