IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| VALEISHA WALKER,<br><br>              Plaintiff,<br><br>vs.<br><br>ANGELA FOLTS,<br><br>              Defendant. | **4:23CV3234**<br><br>**MEMORANDUM AND ORDER** |

Plaintiff Valeisha Walker ("Plaintiff"), a prisoner proceeding in forma pauperis, filed a civil Complaint on December 1, 2023, Filing No. 1, as well as two supplements, Filing No. 11 and Filing No. 12.

The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A(a). For the reasons set forth below, the Court finds the Complaint should be dismissed without prejudice.

## I. SUMMARY OF COMPLAINT

The allegations in Plaintiff's Complaint, brought pursuant to 42 U.S.C. § 1983, against sole defendant Angela Folts, acting warden at NCCW, stem from issues with the water supply at the Nebraska Correctional Center for Women ("NCCW") beginning in October of 2023. Filing No. 1. Plaintiff argues that issues with the pipes at NCCW resulted in a lack of water for inmates' bathrooms, including toilets and showers, drinking and cooking. Filing No. 1 at 1. Specifically, Plaintiff alleges that from October 2, 2023, though October 16, 2023, she was instructed that she could not drink or use the showers due to issues the facility was having with the water. *Id.* at 4.

Plaintiff submits that the prison began serving food on disposable plates on November 20, 2023, and shut off the water without notice. *Id.* at 2. And the following day, the hot water was shut off for about 24 hours. *Id.*

Then on January 24, 2024, at around 11:45 a.m. defendant Folts came into the unit and told the inmates they should use the bathroom before the water was shut off as the water would not be back on until around 2 p.m. Filing No. 11 at 2. However, later that day when the next shift came on the inmates were told the water would remain off until around 4 p.m. *Id.* at 3. As of 6:30 p.m. Plaintiff alleged the water still had not been turned back on, resulting in toilets full of urine and feces, and no hand sanitizer available for her to use. *Id.*

Plaintiff alleges that around 7:00 p.m. the water was turned back on but remained brown and discolored and that notices were posted that the water was safe to bathe in but not to drink. *Id.* At 7:28 p.m. she and the other inmates were given access to 8 bottles of water each, but the following day, Thursday, January 25, 2024, she was given 16 bottles of water to last for the next two days until Saturday, January 26, 2024, when she received 4 more bottles. *Id.* at 3–4.

Plaintiff submits that because of the water outages "[s]ome of the inmates are getting sick with Hpielore-Calistis" and are being denied access to medical records by NCCW staff. Filing No. 1 at 3.

As relief Plaintiff seeks $500,000 and an injunction. *Id.* at 1.

## II.  INITIAL REVIEW STANDARD

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to

2

determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[ ] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" Topchian v. JPMorgan Chase Bank, N.A., 760 F.3d 843, 848 (8th Cir. 2014) (quoting Hopkins v. Saunders, 199 F.3d 968, 973 (8th Cir. 1999)); Federal Rule of Civil Procedure 8. However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." Topchian, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute, and also must show that the alleged deprivation was caused by conduct of a person acting under color

3

of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Generally, public employees act under color of state law while acting in their official capacities or while exercising their responsibilities pursuant to state law. *Id.* at 50.

As an initial matter, it appears Plaintiff seeks relief on her own behalf and on behalf of other inmates who are not parties to this action and who have not signed the Complaint, *see* Filing No. 1, which she is prohibited from doing. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). As such, any relief sought for any of the non-party inmates mentioned in Plaintiff's Complaint and Supplements cannot be addressed by this Court in this action. Moreover, although not specifically stated by Plaintiff, to the extent Plaintiff intends to bring a class action on behalf of herself and the other inmates who added their signatures to one of her supplements indicating they also had not received adequate drinking water, *see* Filing No. 11 at 5–7, she cannot proceed here as pro se plaintiffs may not bring class actions because they are not adequate class representatives. *See* Fed.R.Civ.P. 23(a); *Oxendine v. Williams,* 509 F.2d 1405, 1407 (4th Cir.1975); *see also Russell v. United States,* 308 F.2d 78, 79 (9th Cir.1962) (holding "a litigant appearing in propria persona has no authority to represent anyone other than himself"); *Nelson v. Hjorth*, No. 8:18CV88, 2018 WL 2050571, at *4 (D. Neb. May 2, 2018) ("a pro se plaintiff who is not an attorney cannot maintain a class action"); *Rouse v. Michigan*, No. 2:17-CV-12276, 2017 WL 3394753, at *1 (E.D. Mich. Aug. 8, 2017) (collecting cases). Because Plaintiff is proceeding pro se, any attempt to bring a class action must be dismissed without prejudice to Plaintiff's filing a new action as a class action with the assistance of counsel.

The Eighth Amendment prohibits cruel and unusual punishment. U.S. Const. Amend. VIII. As for Plaintiff's contention that the water issues she details at NCCW and the lack of access to hand sanitizer for several hours constitutes conditions of confinement violations under the Eighth Amendment, to proceed she must show that: "(1) the alleged deprivation is sufficiently serious that it denies the minimal civilized measure of life's necessities, and (2) the prison officials were deliberately indifferent to an excessive risk to inmate health or safety." Seltzer–Bey v. Delo, 66 F.3d 961, 964 (8th Cir. 1995).

Here, Plaintiff meets neither standard. First, Plaintiff details several instances where NCCW had difficulties with the water. One involves a single day where the water in the facility was turned off for about 8 hours, after being provided notice of the shut off by defendant Folts. When the water was turned back on that day Plaintiff was notified the water was not safe to drink and was provided 8 bottles of water per day until it appears the water issue was resolved.[1] The second involves a multi-day lack of "hot" water. Filing No. 1 at 2. And finally, Plaintiff alleges that there was a lack of access to water in her (and other) cells for about two weeks in October of 2023.

As one court in this circuit has described, the loss of access to water in instances such as those described by Plaintiff (no total loss of access to drinking water for more than a few hours and no long-term loss of access to all water for sanitation purposes) are not constitutional violations. See Waller v. Rice, No. 1:15-CV-01010, 2018 WL 1092346, at *6 (W.D. Ark. Feb. 27, 2018).

---

[1] The Court notes that Plaintiff does not indicate what happened after Saturday, January 26, 2024, instead submitting that on Wednesday January 24, 2024, she was given 8 bottles of water and then was given 16 more bottles of water which were to last until Saturday. She does not explain if the water was then drinkable, but this Court presumes so as she does not allege any further loss of access to water. See Filing No. 11.

> Access to a sufficient quality and quantity of water for drinking and basic personal hygiene is, of course, a minimal life necessity, but nothing in the Constitution requires that the water must be available on demand. *See e.g.*, *Scott v. Carpenter*, 24 Fed.Appx. 645, 647 (8th Cir. 2001) (unpublished) (no disagreement that basic personal hygiene falls within the minimal civilized measure of life's necessities); *Spires v. Paul*, 581 Fed.Appx. 786, 792-94 (11th Cir. 2014) (housing an inmate in a cell without potable water for several days and forcing him to drink from the toilet to survive stated an Eighth Amendment violation). Furthermore, "[n]othing in the Constitution requires that each prisoner be provided with clean, cold, warm, or any other form of running water in his cell[.]" *Jelinek v. Roth*, 33 F.3d 56, *2 (7th Cir. 1994) (unpublished) (plumbing in cell that produced only water contaminated with rust that was undrinkable and unsuitable for bathing does not implicate the Eighth Amendment); *see also*, *Smith v. Copeland*, 892 F. Supp. 1218, 1230 (E.D. Mo. Apr. 25, 1995) (turning off water in a cell except for brief periods to flush the toilet, and providing drinking water with each meal did "not deprive plaintiff of minimally necessary drinking water or hygienic requirements") aff'd, 87 F.3d 265 (8th Cir. 1996); *Narducci v. Fields*, 62 F.3d 1428 (10th Cir. 1995) (unpublished) ("a lack of light, a lack of running water, poor cell ventilation, and placement in an individual cage for outdoor exercise" did not rise to the level of a constitutional violation); *Downs v. Carter*, 2016 WL 1660491, *8 (N.D. Ill. Apr. 27, 2016) ("There is no constitutional right to water on demand.").

*Id.*

Also, Plaintiff names only the acting warden Folts as a defendant. The Complaint, however, contains no factual allegations from which this Court may reasonably infer that Folts was deliberately indifferent to Plaintiff's health or safety. For example, the only time Plaintiff mentions Folts in her complaint is when she alleges Folts provided notice of a water shut off anticipated to last several hours at NCCW on January 24, 2024. Filing No. 11. While the shut off lasted between 7 to 8 hours in total, even if a 7-hour water shut off supported a constitutional injury finding, the Court is unable to ascertain any allegation which would indicate Folts acted with deliberate indifference in relation to that incident. Instead, based on the allegations in the Complaint, it appears Folts was acting with Plaintiff's health and safety in mind by giving Plaintiff notice of the water shut off and an

6

opportunity to use the bathroom prior to its occurrence. As Plaintiff's Complaint contains no other allegations regarding Folts specifically, there is nothing in Plaintiff's Complaint which indicates Folts acted with deliberate indifference. As such, Plaintiff's allegations against Folts fail to state a plausible claim for relief.

Finally, 42 U.S.C. § 1983 provides a cause of action for a "party injured" by certain unlawful acts of a person acting under the color of state law. 42 U.S.C. § 1983. Therefore, a plaintiff "must allege personal injury fairly traceable to the defendant's alleged unlawful conduct." *Allen v. Wright*, 468 U.S. 737, 751 (1984). However, Plaintiff alleges no harm to herself resulting from the intermittent water issues at NCCW. While Rule 8(a) contemplates relief such as damages or injunctive relief, here any request for injunctive relief must fail as there is no indication in Plaintiff's Complaint that any harm has not been rectified.[2]

IT IS THEREFORE ORDERED that:

1. Plaintiffs' Complaint, Filing No. 1, is dismissed without prejudice.

2. The Court will enter a separate judgment consistent with this order.

Dated this 14th day of November, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

---

[2] Plaintiff supplemented her Complaint with two notices, both indicating the water problems which took place on October 16, 2023, and January 24, 2024, were corrected. Filing No. 12 at 1–2.